FILED
APR 20 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Wei Chin,  )
 )
    Plaintiff,  )
 )
v.  )   Civil Action No.: **10 0606**
 )
Timothy Palchak *et al.*,  )
 )
    Defendants.  )

## MEMORANDUM OPINION

The plaintiff has filed a pro se complaint and an application to proceed without prepayment of fees. The application will be granted and the complaint will be dismissed without prejudice.

Plaintiff Wei Chin is a federal prisoner recently convicted in this court after pleading guilty to one count of traveling in interstate commerce for the purpose of engaging in illicit sexual conduct in violation of 18 U.S.C. § 2423(b). Currently pending in his criminal case are, among other motions, a motion to withdraw his guilty plea and a motion under 28 U.S.C. § 2255, challenging his conviction and/or sentence to vacate his sentence. *See United States v. Chin*, Crim. No. 08-124 (HHK) (D.D.C.). By way of this complaint, Chin seeks to bring claims for constitutional violations under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against two police officers involved in the investigation of his criminal activity and one of the Assistant United States Attorneys who prosecuted his case. In addition, stating that the "fraudulent" acts of his retained counsel and his retained expert psychologist "qualify them[] as government agents," he purports to bring *Bivens* claims against them, as well.

The rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994) and applied to *Bivens* actions in *Williams v. Hill*, 74 F.3d 1339, 1340-41 (D.C. Cir. 1996), bars this complaint. In *Heck v. Humphrey*, the plaintiff alleged that prosecutors and police investigators involved in his criminal prosecution had engaged in unlawful conduct that led to his arrest and conviction. *Heck v. Humphrey,* 512 U.S. at 479. The Supreme Court concluded that "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." *Id.* at 486. Accordingly, "in order to recover damages from allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87. Accordingly, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

Here, the wrongs that Chin alleges — including allegations that the police officers and the prosecutor withheld exculpatory information and knowingly used perjured testimony to secure his conviction, and that he had ineffective assistance of counsel who, with his retained psychologist, conspired with adversary to secure his conviction — would, if proved, render his conviction invalid. *See* Compl. at 7, 10. Chin's conviction or sentence has not already been

2

invalidated; indeed, there are pending post-conviction motions intended to accomplish that end. Therefore, under the rule in *Heck v. Humphrey*, this civil rights action for damages must be dismissed. Moreover, the prosecutor enjoys either quasi-judicial immunity or qualified immunity from a damages suit such as this one, depending on the duties he was performing when he allegedly violated Chin's constitutional rights. *See Briggs v. Goodwin*, 569 F.2d 10, 20-21 (D.C. Cir. 1977).

      A separate order accompanies this memorandum opinion.

Date: April 13, 2010

United States District Judge